**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL SMITH and MICHAEL
HERRING, individually and on behalf of a
class of all persons and entities similarly
situated,

                        Plaintiffs,

vs.                                                           Case No.: 3:15-cv-614-J-34JRK

CUSTOM CLIMATE CONCEPTS, INC.,

                        Defendant.

_____

**O R D E R**

This matter is before the Court sua sponte. On March 13, 2015, Plaintiffs filed a Class Action Complaint (Doc. 1) in the United States District Court for the Northern District of Florida. Defendant then filed a Motion to Transfer Venue (Doc. 7), and on May 15, 2015, that court entered an order directing the Clerk of the Court to transfer this case to the United States District Court for the Middle District of Florida. See Order on Motion to Transfer (Doc. 10). Thereafter, the Clerk transferred the case to this Court in the Jacksonville Division of the Middle District of Florida. However, upon review of Plaintiffs' Complaint, the Jacksonville Division does not appear to be the appropriate Division for this proceeding. Pursuant to Local Rule 1.02(c), Local Rules, United States District Court, Middle District of Florida (Local

Rule(s)), "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." Additionally, Local Rule 1.02(e) provides that "[t]he Court may, within its discretion, . . . order that any case, civil or criminal, be transferred from one Division to any other Division for trial[.]"

In the Complaint, Plaintiffs Michael Smith and Michael Herring assert claims against Defendant Custom Climate Concepts, Inc. under the Telephone Consumer Protection Act, 47 U.S.C. § 227. See Complaint ¶ 1. Although the Complaint does not disclose in what county or counties Plaintiffs reside, Defendant's headquarters and sole office location is in Sarasota, Florida, which the Court notes is located in Sarasota County. See id. ¶¶ 6-7; Defendant's Notice of Filing Document in Support of Its Motion to Transfer Venue (Doc. 8), Ex. A: Affidavit of Jerry Rupert (Rupert Aff.) ¶ 2. In addition, the phone numbers pertinent to this action all have a 941 area code, which serves Manatee, Sarasota and Charlotte Counties. See Complaint ¶¶ 17-18, 22; Rupert Aff. ¶ 3. As set forth in Local Rule 1.02(b)(4)-(5), Manatee and Sarasota Counties are located in the Tampa Division of this Court, and Charlotte County is in the Fort Myers Division. Significantly, the Complaint does not disclose any relation to a location encompassed by the Jacksonville Division. In light of the foregoing, it is

**ORDERED:**

Plaintiffs are **DIRECTED** to **SHOW CAUSE** by a written response filed on or before **June 3, 2015**, why this case should remain pending in the Jacksonville Division. In their

written response, Plaintiffs should provide the Court with information from which the Court can determine which "Division encompass[es] the county or counties having the greatest nexus with the cause . . . ." Local Rule 1.02(c).

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of May, 2015.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record